Saundra K. Wootton (SBN 224674)
**KUTAK ROCK LLP**
777 South Figueroa Street, Ste. 4550
Los Angeles, California 90017-5800
Telephone: (213) 312-4000
Facsimile: (213) 312-4001
Email: saundra.wootton@kutakrock.com
Service Email: LAIntake@kutakrock.com

Attorney for Defendant JOSEPH KEITH SCIOLI

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XAVIER BAEZ, individually,<br><br>Plaintiff,<br><br>v.<br><br>GOLFLIVE CORP., a Delaware corporation; JOSEPH KEITH SCIOLI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:24-cv-743<br><br>**DEFENDANT JOSEPH KEITH SCIOLI'S NOTICE OF REMOVAL**<br><br>Complaint Filed: February 9, 2024 |

Defendant Joseph Keith Scioli, by and through his counsel of record Kutak Rock LLP and pursuant to 28 U.S.C. §§ 1332 and 1441, and with the consent of Defendant GolfLive Corp., hereby removes this case from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. As grounds for removal, and for no other purpose, Defendant states as follows:

1

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO: 8:24-CV-743

4870-7250-5523.1

## I.      PROCEDURAL HISTORY

1.      On February 9, 2024, Plaintiff filed a complaint (the "Complaint") in the Superior Court of California, County of Orange, which commenced a lawsuit captioned *Xavier Baez v. Golflive Corp., Joesph Keith Scioli, and Does 1 through 10, inclusive,* Case No. 30-2024-01378419-CU-WT-WJC.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      The Complaint contains twelve causes of action, which are all based on California statutory and common law.  It generally alleges that Plaintiff was discharged because of his disability or in retaliation for engaging in protected conduct.  The Complaint prays for the follow alleged damages:  general damages in excess of $1,000,000; special damages in excess of $1,000,000; medical expenses and related items in excess of $50,000; unpaid wages in excess of $5,000; penalties under the Labor Code Section 203 in the amount of $13,361.40 and attorney's fees; penalties under Labor Code Section 226(e) in the amount of $4,000 and reasonable attorney's fees; punitive and exemplary damages in excess of $1,000,000; prejudgment and post-judgment interest; Plaintiff's cost of suit and attorneys fees under Cal. Gov't Section 12965(b) and Labor Code Section 218.5; and other relief. See **Exhibit A,** Complaint, p. 17.

3.      Attached as **Exhibit B** are all filings, which according to the docket, have been filed in the Superior Court action, including the Civil Cover Case Sheet, the Summons issued by the Superior Court, Notice of Hearing of Case Management Conference, and proofs of service on Defendants.

4.      Defendant is not aware of any other filings.

## II.      LEGAL STANDARDS

5.      A defendant may remove a case initially filed in state court to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where there is diversity

2

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO: 8:24-CV-743

4870-7250-5523.1

of citizenship among the parties and the amount of controversy exceeds $75,000. See 28 U.S.C. § 1332(a).

6. "To remove a case from a state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83, 135 S. Ct. 547 (2014) (*citing* 28 U.S.C. § 1446(a)). "A statement 'short and plain' need not contain evidentiary submissions." *Id.* at 84.

## III. GROUNDS FOR REMOVAL

### 1. REMOVAL IS TIMELY

7. "[N]otice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon when such action or proceeding is based." 28 U.S.C. § 1446 (b). The thirty-day removal period does not commence until the summons and complaint are formally and properly served under applicable state law. *Murphy Bros., Inc. v. Michetti Pipe Strining, Inc.,* 526 U.S. 344, 354, 119 S. Ct. 1322 (1999).

8. According to the Proof of Service of Summons, the Complaint and summons were mailed to Defendant Joseph Keith Scioli outside the state of California on or about February 24, 2024 pursuant to section 415.40 of the California Code of Civil Procedure ("CCP"). Under CCP § 415.40, "[s]ervice of a summons by this form of mail is deemed complete on the 10th day after such mailing." Service was therefore complete on March 5, 2024. The thirty-day period for removal, therefore, did not begin running until March 5, 2024, making Defendant Scioli's removal deadline April 4, 2024. *See Matter of Lee*, 781 F. App'x 677, 678 (9th Cir. 2019) (citing the ten-day time period under section 415.40 in rejecting argument that removal was untimely); *SteppeChange LLC v. VEON Ltd.,* 354 F. Supp. 3d 1033, 1041 (N.D. Cal. 2018) (same, collecting cases and

- 3 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

noting, "The weight of authority is overwhelming."); *Jimena v. Standish*, 504 F. App'x 632 (9th Cir. 2013); *Fruciano v. Regents of Univ. of California,* No. 18-CV-04452-JSC, 2018 WL 4219232, at *3 (N.D. Cal. Sept. 5, 2018); *Madren v. Belden, Inc.,* No. 12-CV-01706-RMW, 2012 WL 2572040, at *2 (N.D. Cal. July 2, 2012); *Varga v. United Airlines,* No. C 09-02278 SI, 2009 WL 2246208, at *3–4 (N.D. Cal. July 24, 2009); *Big B Auto. Warehouse Distributors, Inc. v. Coop. Computing, Inc.,* No. SC 00-2602, 2000 WL 1677948, at *3 (N.D. Cal. Nov. 1, 2000). This Notice of Removal is timely.

9.　Although Defendant GolfLive Corp. ("GolfLive") was arguably served earlier than Defendant Scioli, removal is still permissible. Title 28 U.S.C. § 1446(b)(2)(C) provides, "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." GolfLive consents to removal. Its consent is attached hereto as **Exhibit C**, and filed concurrently herewith.

**2.　　THE PARTIES ARE CITIZENS OF DIFFERENT STATES**

10.　For purposes of diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Lew v. Moss,* 797 F.2d 747, 749-50 (9th Cir. 1986) (*quoting Owens v. Huntling*, 115 F.2d 160, 162 (9th Cir. 1940)). A party's "domicile is not lost until a new one is acquired." *Lew,* 797 F.2d at 750.

11.　The Complaint alleges that Plaintiff was a resident of California at the time the Complaint was filed, and was a resident of Orange County, California at all times relevant to his claims. **Exhibit A**, Complaint, ¶¶ 1 and 17. Additionally, Plaintiff submitted a California driver's license to GolfLive in conjunction with his

- 4 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

employment.  Plaintiff's claims are based upon his employment with Defendant, which began in September 2023 and ended in October 2023. **Exhibit A**, Complaint, ¶¶ 20 and 25.

12.     Plaintiff is a citizen of California.  *See Collins v. Golden Gate Bell, LLC,* No. 18-cv-06442-NC, 2019 U.S. Dist. LEXIS 102814, at *7 (N.D. Cal. June 19, 2019) ("District courts in this Circuit have used residence plus another factor, such as employment, as sufficient proof of domicile.").

13.     Defendant Joseph Keith Scioli is resident of Houston, Texas and a citizen of Texas.

14.     Defendant Golflive Corp. is a Delaware corporation that is headquartered in Texas.

15.     Although Plaintiff identifies "Does 1 through 10" as defendants, the citizenship of defendants sued under fictitious names is disregarded for purposes of determining diversity jurisdiction.  *See* 28 U.S.C. § 1441(b)(1).

16.     Because Plaintiff is a citizen of California, Defendant Golflive Corp. is a citizen of Delaware and Texas, and Defendant Joseph Keith Scioli is a citizen of Texas, there is complete diversity of citizenship for purposes of 28 U.S.C. § 1332.

**3.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

17.     Although Defendant denies liability and deny that Plaintiff is entitled to any damages, the amount that Plaintiff seeks in this lawsuit exceeds $75,000.

18.     "[T]he amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."  *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004).  The amount in controversy can "be calculated using a combination of Defendant's own numbers and Plaintiff's allegations."  *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

19.     But a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee,* 574

- 5 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

U.S. at 89. Evidence supporting a defendant's removal allegations is not required unless those allegations are contested. *Id.* at 87-89.

## A. Plaintiff's Claims for Backpay, Front Pay, Unpaid Wages

20. In his Complaint, Plaintiff generally alleges that Defendant terminated his employment because of his alleged disability and in retaliation for his alleged protected activity, and that he was not properly paid or reimbursed for expenses during his employment. **Exhibit A**, pp. 13-14. Plaintiff seeks several categories of damages, general damages, special damages, including medical expenses, lost benefits, compensation for emotional distress, punitive damages, attorneys' fees and costs, reimbursement for business expenses, pay stub penalties, penalties for failure to pay wages upon termination, and punitive damages. **Exhibit A**, Complaint, p. 17.

22. Plaintiff claims that his general damages exceed $1,000,000 and that his special damages exceed $1,000,000. **Exhibit A,** p. 17. He further claims that at the time he was hired in April 2023, he earned an annual salary of $105,000 and at the time he was terminated on or about October 24, 2023, his salary had increased to $115,800. **Exhibit A, ¶¶** 17, 20 and 25. The salary alone from the date of his termination until the date of removal is in excess $70,182, and combined with unpaid back wages of $5,000 allegedly owed as of October 24, 2023, the amount alleged in controversy and itself exceeds 28 U.S.C. § 1332's jurisdictional threshold as of the date this Notice of Removal is filed. *See Rivera v. Costco Wholesale Corp.,* No. C 08-02202 CW, 2008 U.S. Dist. LEXIS 58610, at *7-8 (N.D. Cal. July 11, 2008) (determining amount in controversy by simply applying the plaintiff's rate of pay and calculating the salary he would have earned had he remained employed through the date of removal); *Olvera v. Quest Diagnostics,* No. 2:19-cv-06157-RGK-(SK), 2019 U.S. Dist. LEXIS 207496, at *6-7 (C.D. Cal. Dec. 2, 2019) (same). The Court's analysis of the amount in controversy could stop at Plaintiff's claim for back pay and unpaid wages, but he seeks much more.

- 6 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

23.    Conservatively estimating an award of one year of front pay, another $115,800 can be added to the amount in controversy calculation. *Olvera,* 2019 U.S. Dist. LEXIS 207496, at *5 (collecting cases supporting that "courts in employment cases have found that a year from the date of removal is a conservative estimate for front pay").

### B.    Plaintiff's Claim for Compensatory Damages

24.    The Complaint also seeks damages for "mental and emotional distress." Emotional distress damages awarded to successful plaintiffs in wrongful discharge cases routinely exceed the required amount in controversy, *standing alone. Williams v. Am. Airlines, Inc.,* No. 19-cv-08434-JSC, 2020 U.S. Dist. LEXIS 49949, at *10-12 (N.D. Cal. Mar. 23, 2020) (collecting cases in which the plaintiff was awarded significant emotional distress damages, including *Massey v. City of Long Beach*, JVR No. 1509220063, 2015 WL 5578119 (Cal. Super. Ct. Sept. 4, 2015) (awarding $520,119 for pain and suffering in FEHA discrimination case); *Beasley v. E. Coast Foods, Inc.,* JVR No. 1509250073, 2015 WL 5678367 (Cal. Super. Ct. Sept. 8, 2015) (awarding $1,500,000 for pain and suffering in FEHA discrimination case)); *see also Anderson v. American Airlines,* 352 Fed. Appx. 182, 183 (9th Cir. 2009) (upholding emotional distress award of $1 million in discrimination case); *Warhime v. Farmers Ins. Exchange,* 2013 WL 6997116 Cal. Super. Nov. 5, 2013) (awarding $250,000 for emotional distress in FEHA discrimination case); *Torres v. B/E Aero., Inc.,* No. B278517, 2018 Cal. App. Unpub. LEXIS 3323, at *2 (May 16, 2018) (awarding $1.516 million in compensatory damages in FEHA discrimination case).

### C.    Plaintiff's Claim for Punitive Damages

24.    The Complaint also seeks punitive damages. "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001).    Jury verdicts entered in employment discrimination cases throughout California "amply demonstrate the

- 7 -

Kutak Rock LLP
Attorneys at Law
Los Angeles

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

potential for large punitive damage awards in employment discrimination cases." *Simmons,* 209 F. Supp. 2d at 1033; *see also Roby v. McKesson Corp.,* 47 Cal. 4th 686, 719-20, 101 Cal. Rptr. 3d 773, 219 P.3d 749 (2009) (reducing punitive damages award to $1,905,000 in FEHA case); *Smith v. Brown-Forman Distillers Corp.,* 196 Cal. App. 3d 503, 516 (1987) (affirming $250,000 punitive damages award); *Lopez v. Bimbo Bakeries USA, Inc.,* 2009 Cal. App. Unpub. LEXIS 3171, at **27-45 (Apr. 23, 2009) (affirming $2 million punitive damages award on employment discrimination claims).  Indeed, Plaintiff seeks punitive damages and even a minimal punitive damages award would itself satisfy this Court's jurisdictional threshold. *Chambers v. Penske Truck Leasing Corp.,* No. 1:11-cv-00381 LJO GSA, 2011 U.S. Dist. LEXIS 41359, at *10 (E.D. Cal. Apr. 15, 2011) (denying motion to remand based on jury verdicts which established that "punitive damage awards in employment matters may be substantial"); *Haase v. Aerodynamics Inc.,* No. 2:09-cv-01751-MCE-GGH, 2009 U.S. Dist. LEXIS 96563, at *13 (E.D. Cal. Oct. 16, 2009) (disregarding a FEHA plaintiff's challenge to the defendant's amount in controversy calculation because "even a minimum award of punitive damages would satisfy the jurisdictional requirement").

### D.    Plaintiff's Claim for Attorneys' Fees

25.    Attorney's fees may also be considered in determining the amount in controversy.  *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Prevailing party fees are recoverable as a matter of right under both FEHA and the Labor Code.  While Defendant is uncertain of precisely how much in attorneys' fees Plaintiff has incurred, "even a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum."  *Haase,* 2009 U.S. Dist. LEXIS 96563, at *14-15; *see also Simmons*, 209 F. Supp. 2d at 1035 ("The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").

- 8 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

26. Defendant estimates that Plaintiff's counsel will devote at least one hundred hours to prosecuting this lawsuit and that counsel's rates exceed $300 per hour. *See Stainbrook v. Target Corp.,* No. 2:16-CV-00090-ODW, 2016 U.S. Dist. LEXIS 74833, 2016 WL 3248665, at *5 (C.D. Cal. June 8, 2016) ("recent estimates for the number of hours expended through trial for employment cases in this district have ranged from 100 to 300 hours"). *Stainbrook* added $30,000 to the amount in controversy based on such estimates. *Id.; see also Thompson v. Big Lots Stores, Inc.,* No. 1:16-cv-01464-LJO-JLT, 2017 U.S. Dist. LEXIS 20094, at *15-16 (E.D. Cal. Feb. 13, 2017) (apportioning a similar estimate of fees to the amount in controversy).

**E.    Plaintiff's Claims Under the Labor Code**

27.    The Complaint also seeks relief under several provisions of the California Labor Code, including the following:

(a)    Penalties for failure to pay wages upon termination (Labor Code sections 201, 202, 203) in the amount of $5,000 [**Exhibit A,** ¶ 68 and p. 17];

(b)    Failure to reimburse business expense penalty $1,000 (Labor Code section 2802 (c)) [**Exhibit A,** ¶ 85 and p. 18];

(c)    Waiting time penalties $13,362.40 (Labor Code section 203) [**Exhibit A,** ¶ 80 and p. 17]; among other things.

28.    Plaintiff's claims for backpay, front pay, emotional distress, punitive damages, attorneys' fees, and various reimbursements and penalties under the Labor Code easily put in excess of $75,000 in controversy. Because the parties are also citizens of different states, the action described in Plaintiff's Complaint is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. Removal of this action to this Court is therefore proper.

///

///

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

**4.     ALL DEFENDANTS CONSENT IN REMOVAL**

29.     Title 28 U.S.C. 1446(b)(2) provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  GolfLive consents in this removal.  *See* **Exhibit C**.

**5.     VENUE IS PROPER IN THIS COURT**

30.     Venue is proper in this Court because Plaintiff's state court action is pending within a California Superior Court, specifically, Orange County Superior Court, located within the geographic confines of this District.  28 U.S.C. § 1441(a).

31.     Defendant will serve written notice of the filing of this Notice of Removal upon counsel for Plaintiff and will file a copy of this Notice of Removal with the Superior Court of Orange County, California, as required by 28 U.S.C. § 1446(d) in the form as attached hereto as **Exhibit D**.

WHEREFORE, because the Complaint establishes that this Court has original jurisdiction of this action by reason of diversity of citizenship pursuant to 28 U.S.C. § 1332, Defendant Joseph Keith Scioli, with Golflive Corp.'s consent, respectfully gives notice that the action pending in the Superior Court of Orange County, California, captioned *Xavier Baez vs. Golflive Corp., et al,*  Case No. 30-2024-01378419, is removed to the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1441.

Dated: April 4, 2024                                  **KUTAK ROCK LLP**

By: _____
Saundra K. Wootton
Attorneys for Defendant JOSEPH KEITH SCIOLI

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1

**PROOF OF SERVICE**
*Xavier Baez v. GolfLive Corp. and Joseph Keith Scioli*
Superior Court of the State of California, County of Orange
Case No.: 30-2024-01378419-CU-WT-WJC

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the City of Los Angeles in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 777 South Figueroa Street, Suite 4550, Los Angeles, California 90017.

On April 4, 2024, I served on all interested parties as identified on the below mailing list the following document(s) described as:

**NOTICE TO THE CLERK OF THE COURT OF THE SUPERIOR COURT AND ADVERSE PARTIES OF REMOVAL OF THIS ACTION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

☒   **(BY ELECTRONIC MAIL)** I caused such document to be delivered to the offices of the addressees via electronic mail pursuant to C.C.P §1013(a). Said document was transmitted to the email addresses of the offices which are listed on the service list. Said document was served electronically and the transmission was reported as complete and without error.

| | |
|---|---|
| Ms. Shannon Wolf<br>The Law Office of Shannon Wolf<br>1201 Puerta del Sol, Suite 213<br>San Clemente, California 92673<br>Telephone: (949) 276-4214<br>Email: swolf@swolflegal.com | *Attorneys for Plaintiff* |
| **VIA U.S. MAIL**<br>Clerk of the United States District Court<br>Central District of California – Western Division<br>Edward R. Roybal Federal Building<br>255 E. Temple Street<br>Los Angeles, CA  90012 | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 4, 2024, at Los Angeles, California.

_____
*Nanette Leali*

- 3 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8672-1715.1

# CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2024 , I caused to be electronically filed the foregoing document(s) **DEFENDANT JOSEPH KEITH SCIOLI'S NOTICE OF REMOVAL** with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail, electronic mail, or by other means permitted by the court rules.

☒ **(BY ELECTRONIC MAIL)** I caused such document to be delivered to the offices of the addressees via electronic mail pursuant to C.C.P §1013(a). Said document was transmitted to the email addresses of the offices which are listed on the service list.  Said document was served electronically and the transmission was reported as complete and without error.

| | |
|---|---|
| Ms. Shannon Wolf<br>The Law Office of Shannon Wolf<br>1201 Puerta del Sol, Suite 213<br>San Clemente, California 92673<br>Telphone: (949) 276-4214<br>Email: swolf@swolflegal.com | *Attorneys for Plaintiff* |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 4, 2024, at Los Angeles, California.

_____

- 11 -

KUTAK ROCK LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL
CASE NO.: 8:24-CV-743

4870-7250-5523.1